■ Mars Associates, Inc., et al., a Joint Venture, Respondent, v Facilities Development Corporation, Appellant. —

Kane, J. P. Appeals (1) from an order of the Supreme Court at Special Term (Conway, J.), entered June 7, 1984 in Albany County, which conditionally granted plaintiff's motion to strike defendant's answer, and (2) from an order of said court, entered August 22, 1984 in Albany County, which denied defendant's motion to renew the prior motion.

Plaintiff, a joint venture, entered into a contract with defendant, a public benefit corporation, to do general construction work at the New York Psychiatric Institute Research Laboratory. After completing this lengthy project, plaintiff commenced the instant action for breach of contract. Defendant answered and counterclaimed against plaintiff.

On or about July 22, 1982, after issue was joined, plaintiff served extensive interrogatories. Defendant's answers to these interrogatories were not objected to. By notice dated July 27, 1983, plaintiff sought to take deposition on oral examination of "an officer, director or duly authorized representative of [defendant] who has knowledge concerning this action". Defendant had difficulty producing a witness since the representative of defendant who had the most extensive knowledge of the construction project, Harrison Lax, had died and another individual who had represented defendant, John Yurtchuk, had left defendant's employ. Also, defendant asserts in an affidavit that "[v]arious other employees engaged by the defendant in the project had * * * left the defendant's employ". Defendant communicated this problem to plaintiff and, while it attempted to resolve the problem, it did produce David Sanders, an employee with limited knowledge. Sanders' examination extended over two sessions.

On March 12, 1984, plaintiff moved to strike defendant's answer based on defendant's alleged failure to comply with the notice of examination before trial or, in the alternative, for an order to compel defendant to appear for an examination before trial. Defendant opposed this motion, denying any willful failure and asserting that any reasonable request to examine a specific employee would be met. Defendant also pointed out that depositions were continuing. By decision dated May 29, 1984, Special Term granted plaintiff's motion to strike defendant's answer unless defendant produced someone with knowledge of the facts to support its counterclaim within 20 days.

In the interim, plaintiff conducted further examination of *defendant* through William Malloy. In a letter dated June 4, 1984, defendant's attorney advised Special Term of this fact; however, Special Term's decision had already been issued. Defendant filed a notice of appeal and contemporaneously moved at

Special Term for renewal based upon the fact that plaintiff had deposed Malloy twice since the argument of the prior motion. Special Term denied the motion, stating that defendant was arguing compliance with the court's prior order, a subject which "is not the purpose of a motion to renew". Defendant's second appeal was taken from the resulting order.

We have reviewed the examinations before trial of Malloy and find that by producing him, defendant complied with Special Term's conditional order. Accordingly, the appeal from the order entered June 7, 1984 is moot and the appeal from the order entered August 22, 1984 is academic.

Appeal from order entered June 7, 1984 dismissed as moot, without costs.

Appeal from order entered August 22, 1984 dismissed as academic, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.